IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 05-3289 ) |
| COIT, INC., d/b/a COIT EXCAVATING a/k/a CENTRAL ILLINOIS HARDWOOD, | ) ) ) ) |
| Defendant. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Coit, Inc.'s Motion for Summary Judgment (d/e 24) and Motion to Strike (d/e 27). In November 2005, Plaintiffs filed a two-count Complaint (d/e 1) against Defendant Coit, Inc., d/b/a Coit Excavating a/k/a Central Illinois Hardwood, alleging that Defendant violated the Employee Retirement Income Security Act of 1974 (ERISA), by failing to make certain fringe benefit contributions for covered employees. See 29 U.S.C. § 1145. Specifically, Plaintiffs sought audit liability due, together with liquidated damages, costs, and attorney's fees,

1

for the period from January 1, 2002, to March 31, 2003, (Count 1) and delinquent contributions for the period from June 2003, through August 2003, together with associated costs and attorney's fees (Count 2). Defendant asserts that it is entitled to summary judgment on each count. Defendant also moves to strike certain materials submitted by Plaintiffs in support of their Response to Defendant's Motion for Summary Judgment (d/e 25). For the reasons set forth below, the Motion for Summary Judgment is denied, and the Motion to Strike is denied as moot.

## BACKGROUND

Beginning in 1997, Chad Coit operated a sole proprietorship known as Central Illinois Hardwood. The parties dispute the type of work performed by Central Illinois Hardwood and the point at which, if ever, Central Illinois Hardwood ceased to operate. According to Defendant, Central Illinois Hardwood ceased to operate in 1999. Motion for Summary Judgment, Ex. 1, Declaration of Chad Coit (Coit Dec.), ¶ 1. According to Plaintiffs, Central Illinois Hardwood did not terminate as a business in 1999, but rather continued to exist and report income to the Internal Revenue Service until at least 2004. Plaintiffs' Response to Defendant's Motion for Summary Judgment, p.6, Additional Material Fact No. 1.

2

According to Defendant, Central Illinois Hardwood was a tree removal business. Coit Dec., ¶¶ 2-3. According to Plaintiffs, Central Illinois Hardwood performed work other than tree removal, including concrete work and excavating. See Plaintiffs' Response to Defendant's Motion for Summary Judgment, Ex. P3, ¶ 12.

It is undisputed that Coit, Inc. is an Illinois corporation, that was incorporated by Chad Coit on August 5, 2002. Motion for Summary Judgment, Ex. 3, Articles of Incorporation, filed August 5, 2002. It is also undisputed that Coit, Inc. sometimes does business under the name Coit Excavating. According to Chad Coit, "[t]he business of Coit, Inc. is excavation and concrete work and has never included tree removal service . . . ." Coit Dec., ¶ 9. It is Defendant's position that Central Illinois Hardwood and Coit, Inc. d/b/a Coit Excavating are two separate businesses that engaged in different types of work. Plaintiffs assert that Coit, Inc. d/b/a Coit Excavating is the alter ego or successor of Central Illinois Hardwood.

On October 28, 1997, Chad Coit, as owner of Central Illinois Hardwood, entered into a Participation Agreement with the Central Laborers' Funds. Complaint, Ex. A, p. 2; Motion for Summary Judgment, Ex. 2. This was a general Participation Agreement. Id. On June 11, 2003,

3

Chad Coit, as owner of Coit, Inc., entered into a Participation Agreement with the Central Laborers' Funds. <u>Complaint</u>, Ex. A, p. 1; <u>Motion for Summary Judgment</u>, Ex. 4. The June 11, 2003, Participation Agreement expressly states "Project Only Agreement," "For Duration of Job," and "Duration of Project only on Lumbertown Rd. Normal." <u>Id</u>. The parties agree that the June 11, 2003, Participation Agreement related to work performed by laborer Dan Whalen on a dog kennel job on Lumbertown Road in Normal, Illinois.

Plaintiffs' Complaint alleges that, based on the October 28, 1997, and June 11, 2003, Participation Agreements, Defendant was required to make contributions to Plaintiffs in accordance with Agreements and Declarations of Trust, the relevant portions of which are attached to the Complaint as exhibits. <u>Complaint</u>, ¶¶ 3, 5 & Ex. A, B, C, D, & E. Defendant asserts that it is entitled to summary judgment because there is no evidence that Coit, Inc. was a party to any agreement other than the project specific June 11, 2003, Participation Agreement, and the requisite contributions were tendered under that Agreement. According to Defendant, Coit, Inc. cannot be bound by the October 28, 1997, Participation Agreement because it is clear from the evidence that Coit, Inc. and Central Illinois Hardwood are

4

separate entities, that performed different services on different types of jobs.

ANALYSIS

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). A party moving for summary judgment must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to the non-moving party. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once the moving party has produced evidence showing that it is entitled to summary judgment, the non-moving party must present evidence to show that issues of fact remain. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A genuine issue of material fact exists only if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Anderson, 477

U.S. at 248.

As set forth above, Plaintiffs' Complaint bases Defendant's payment obligations on the October 28, 1997, and June 11, 2003, Participation Agreements, copies of which are attached to and incorporated into the Complaint. Defendant asserts in its Motion for Summary Judgment that the only Participation Agreement that is applicable to Coit, Inc. is the one dated June 11, 2003. Plaintiffs, in their Response to Defendant's Motion for Summary Judgment, rely in part on a Residential Work Agreement, purportedly signed on June 19, 2000, between Chad Coit, as owner of Coit Excavating, and Cement Masons Local Union 18, Area 152. <u>Plaintiffs' Response to Defendant's Motion for Summary Judgment</u>, p. 9-10. In support of this argument, Plaintiffs' Response includes as exhibits Affidavits from Cement Masons Business Manager John Mozingo and Central Laborers' Pension Fund Employer Contributions Department Director Dan Koeppel, as well as an undated signature page bearing Chad Coit's signature as owner of Coit Excavating. <u>Id</u>., Ex. P4, P5, & P6.

Defendant moves to strike the signature page (Ex. P4) and several paragraphs from the Mozingo and Koeppel Affidavits, arguing that they are irrelevant and unsupported by the record or admissible testimony.

Defendant also notes that Plaintiffs failed to provide the terms of the June 19, 2000, Residential Work Agreement, making it impossible for the Court to analyze the existence of any obligations that may arise from it.

Thereafter, in their response to the Motion to Strike, Plaintiffs did provide the Court with a copy of the June 19, 2000, residential work agreement, negating Defendant's second argument. <u>Plaintiffs' Memorandum in Support of its Response to Defendant's Motion to Strike (d/e 30)</u>, Ex. A. Plaintiffs further submit that Defendant acted with unclean hands in filing its request to strike based on Defendant's alleged failure to produce the June 19, 2000, Residential Work Agreement in response to Plaintiffs' Requests to Produce. Plaintiffs do not supply the Court with copies of the relevant discovery documents; however, they assert that Plaintiffs' Request to Produce No. 7, served March 5, 2007, sought production of "all documents that have any relation whatsoever to the claims that are the subject of this lawsuit." <u>Plaintiffs' Response to Defendant's Motion for Summary Judgment</u>, p. 9. According to Plaintiffs, Defendant violated Federal Rule of Civil Procedure 26(g)(3) in that "Defendant did not produce any additional Agreements beyond those attached to Plaintiff's [sic] Complaint." <u>Id</u>. Based on the information

7

before the Court, it is not clear that the June 19, 2000, Residential Work Agreement falls within the scope of Plaintiffs' Request to Produce No. 7 such that Defendant would have been required to produce it.[1] Plaintiffs' Request to Produce No. 7 sought documents having any relation to the claims that are the subject of the lawsuit. Plaintiffs' Complaint expressly bases Defendant's payment obligations on the October 28, 1997, and June 11, 2003, Participation Agreements. Plaintiffs produce no evidence to support a finding that Defendant would have any reason to believe that the June 19, 2000, Residential Work Agreement was in any way related to the claims at issue. Plaintiffs, thus, fail to show any discovery violation on the part of Defendant.

The Court, however, need not reach the merits of Defendant's Motion to Strike, because, even if the Court were to exclude the challenged evidence as irrelevant and unsupported, questions of fact remain which preclude summary judgment. The Court turns first to Count 1. Defendant asserts

---

[1] It does appear that the Plaintiffs may have been required to disclose the document pursuant to Federal Rule of Civil Procedure 26(a)(1)(B). The Court recognizes that Plaintiffs assert that they have provided Defendant with a complete copy of the June 19, 2000, Residential Work Agreement as supplemental discovery, but do not inform the Court the date on which it was provided. <u>Plaintiffs' Memorandum in Support of Its Response to Defendant's Motion to Strike (d/e 30)</u>, p. 5 n. 3. Because this issue has not been fully briefed, the Court will not analyze it at this point.

that it is entitled to summary judgment on Count 1 based on the fact that it had no obligation to make contributions other than those required under the single project June 11, 2003, Participation Agreement. According to Defendant, it cannot be liable for any obligations under the October 28, 1997, Participation Agreement involving Central Illinois Hardwood because there is no evidence that Defendant was a party to this agreement.

> Under ERISA:
>
> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. It is undisputed that Central Illinois Hardwood was obligated to make fringe benefit contributions for covered employees under the October 28, 1997, Participation Agreement. Plaintiffs assert that Defendant is also obligated as the alter ego of or successor to Central Illinois Hardwood. Successor liability applies in the ERISA context when: (1) there exists sufficient indicia of continuity between the two companies and (2) the successor firm had notice of its predecessor's liability. Upholsterers' Intern. Union Pension Fund v. Artistic Furniture, 920 F.2d 1323, 1329 (7th Cir.

1990); see also Moriarty v. Svec, 164 F.3d 323, 328-29 (7th Cir.1998) (holding that federal substantive law supplants state common law in the ERISA context).

It is undisputed that Central Illinois Hardwood and the Defendant shared a common principal, Chad Coit, and that Chad Coit signed the October 28, 1997, Participation Agreement as owner of Central Illinois Hardwood. Chad Coit avers that Central Illinois Hardwood was a tree removal business that did not perform excavation or concrete work. Coit Dec., ¶¶ 2-3. Plaintiffs, however, have presented an Affidavit to the contrary from David Penn, Business Manager of Laborers Local Union No. 362, who asserts that he is familiar with Chad Coit and his business operations. Plaintiffs' Response to Defendant's Motion for Summary Judgment, Ex. P3, Sworn Affidavit of David Penn (Penn Aff.). According to Penn, Central Illinois Hardwood performed work other than tree removal. Id., ¶ 12. Penn avers that he "personally witnessed Central Illinois Hardwood perform covered concrete work." Id. Penn further states that "Central Illinois Hardwood and Coit, Inc./Coit Excavating operated from the same business address, employed the same individuals, performed the same type of work, and used the same equipment." Id., ¶ 14.

10

Chad Coit asserts that Central Illinois Hardwood ceased operating in 1999. Coit Dec., ¶ 6. Plaintiffs, however, have provided the Court with portions of Chad Coit's income tax returns for 2002 and 2004, which contradict this assertion. Plaintiffs' Response to Defendant's Motion for Summary Judgment, Ex. P1 & P2. Chad Coit filed a Schedule C for 2002 which identified Central Illinois Hardwood as Chad Coit's sole proprietorship and indicated that Central Illinois Hardwood had a principal business of "Concrete." Id., Ex. P1, p. 1. The Schedule C showed both income and expenses for the year and claimed a net loss of $40,361.00. Id. Chad Coit filed a Schedule C for 2004 which identified Central Illinois Hardwood as Chad Coit's sole proprietorship and indicated that Central Illinois Hardwood had a principal business of "Concrete Finishing." Id., Ex. P2. This Schedule C showed income for the year. Id.

Defendant asserts that the fact that Plaintiffs found it necessary to enter into the June 11, 2003, Participation Agreement indisputably supports a finding that Central Illinois Hardwood and Defendant were separate entities. It is undisputed that Laborers Local 362 picketed Coit, Inc. from approximately June 3, 2003, until the June 11, 2003, Participation Agreement was executed, to protest Coit, Inc.'s refusal to enter into a

participation agreement to cover work performed by laborer Dan Whalen on Coit, Inc.'s Lumbertown Road project. Plaintiffs counter with the Affidavit of David Penn, which explains that Penn instituted picketing efforts after being informed by Chad Coit that Central Illinois Hardwood, the signatory to the October 28, 1997, Participation Agreement, no longer existed. Penn Aff., ¶ 7. Viewing the evidence as a whole in the light most favorable to Plaintiffs, questions of fact remain on the issue of alter ego or successor liability. Defendant fails to show that it is entitled to summary judgment on Count 1, and the Court turns its attention to Count 2.

Defendant asserts that it is entitled to summary judgment on Count 2 based on the fact that it tendered all payments due under the single project June 11, 2003, Participation Agreement. Count 2 seeks delinquent contributions for the period from June 2003, through August 2003, in the amount of $714.45. Defendant has submitted an Affidavit from Sue Wiegel, office manager at Coit, Inc., in support of its request for summary judgment. Motion for Summary Judgment, Ex. 7, Declaration of Sue Wiegel (Wiegel Dec.). Wiegel asserts that, in August 2003, she prepared a monthly report relating to Whalen and submitted it to the Central Laborers' Pension Welfare and Annuity Fund. Id., ¶ 3. According to

12

Wiegel, Coit, Inc. subsequently received two invoices for underpayment of benefits, both dated September 17, 2003.  Id., ¶ 4; Motion for Summary Judgment, Ex. 9.  These invoices seek payment in the amount of $78.17 for June 2003, and payment in the amount of $366.63 for July 2003.  Motion for Summary Judgment, Ex. 9.  Wiegel does not recall receiving an invoice for August 2003, and her search of Coit, Inc.'s records revealed none.  Wiegel Dec., ¶ 5.

According to Wiegel, Coit, Inc. then received two letters, both dated October 20, 2003, seeking payment on the two September 17, 2003, invoices.  Wiegel Dec., ¶ 6; Motion for Summary Judgment, Ex. 10.  In a letter dated March 16, 2004, Koeppel informed Chad Coit that the initial report that was submitted for the period of June 2003, through August 2003, was inconsistent with the monthly summaries of hours that had been submitted for this period.  Plaintiffs' Response to Defendant's Motion for Summary Judgment, Ex. P10.  Koeppel's letter informed Chad Coit that there was a balance due of $951.45 for this period.  Id.

Wiegel asserts that she prepared checks in the amount of $78.17 and $366.63 to pay the September 17, 2003, invoices.  Wiegel Dec., ¶ 7.  According to Wiegel, Chad Coit placed the following notation on the

endorsement area of the checks, which were dated April 15, 0004: "By signing this check all debts from Central Labors Orig. are final & no other payments will be made." Id., ¶ 8; Motion for Summary Judgment, Ex. 11, p. 2-3. North Central Illinois Laborers' Health and Welfare Fund returned the checks, uncashed, to Coit, Inc., with a cover letter dated April 22, 2004. Motion for Summary Judgment, Ex. 11. The letter asked Coit, Inc. to reissue the checks "with no wording on the back." Id., p. 1. There is no evidence that Coit, Inc. did so.

Questions of fact preclude summary judgment on Count 2 as well. There is a material dispute as to the amount owed for the period from June 2003, through August 2003. Furthermore, viewing the evidence in the light most favorable to Plaintiffs, questions of fact exist regarding whether Defendant actually tendered payment when it presented the checks that were marked as final payments after being informed that the original invoices were incorrect. Defendant's request for summary judgment on Count 2 is denied.

THEREFORE, for the reasons set forth above, Defendant Coit, Inc.'s Motion for Summary Judgment (d/e 24) is DENIED, and its Motion to Strike (d/e 27) is DENIED as MOOT.

IT IS THEREFORE SO ORDERED.

ENTER: October 17, 2007

    FOR THE COURT:

                                                        s/ Jeanne E. Scott
                                                     JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE