E-FILED
Thursday, 05 April, 2012  04:03:52 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  05-03289 |
| | ) | |
| COIT, INC., d/b/a COIT EXCAVATING a/k/a CENTRAL ILLINOIS HARDWOOD, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

### <u>OPINION</u>

This matter is before the Court on Plaintiffs' Motion for Sanctions (d/e 86) ("Motion") and Plaintiffs' Status Report (d/e 90).  For the reasons set forth below, the Motion is GRANTED.

### FACTS

On April 29, 2008, Plaintiffs and Defendant Coit, Inc., d/b/a Coit Excavating, a/k/a Central Illinois Hardwood, entered into a Stipulated Judgment.  <u>See</u> d/e 41.  However, Defendant breached the terms of the Parties' Settlement Agreement and, following the breach, Plaintiffs

pursued collection of the Judgment through supplemental proceedings under Federal Rule of Civil Procedure 69(a).  As part of the Rule 69(a) proceedings, Plaintiffs requested the tax returns of Defendant and other corporations owned by Chad Coit, president of Defendant Coit, Inc., and an Interested Party in this case.  Plaintiffs state that these requests have been akin to discovery proceedings authorized under Federal Rule of Civil Procedure 69(a)(2).

Defendant, through Mr. Coit, failed to comply with Plaintiffs' discovery requests.  Subsequently, Plaintiffs sought orders from the Court to compel Mr. Coit to produce the requested documents.  The Court issued orders on July 20, 2011 and August 15, 2011 ordering Mr. Coit to comply, but Mr. Coit failed to comply with the orders.

On September 8, 2011, the Court entered an Order that required Mr. Coit to produce to Plaintiffs: (1) the names and addresses of accountants or tax preparers who prepared (a) the last tax return for Coit Concrete, Inc., and (b) the tax returns for Coit, Inc., Coit Excavating, and Central Illinois Hardwoods; (2) the last tax return for Coit Concrete, Inc.;

2

(3) all tax returns for Coit, Inc., Coit Excavating, and Central Illinois Hardwoods in the possession of Mr. Coit.

Mr. Coit failed to comply with the September 8, 2011 Order.  On October 6, 2011, United States Magistrate Judge Byron Cudmore issued a Certificate determining that Mr. Coit had failed to comply with the orders of the Court.  <u>See</u> d/e 80.  Judge Cudmore issued an Order to Show Cause (d/e 81), directing Mr. Coit to appear before this Court to show cause why he should not be found in contempt for failure to comply with the Court's orders of July 20, 2011, August 15, 2011, and September 8, 2011.

On November 21, 2011, this Court held a Rule to Show Cause hearing to address Mr. Coit's failure to comply with the Court's orders.  Mr. Coit failed to appear at the hearing.  Instead, Mr. Coit telephoned the Court, and the hearing occurred by telephone.  At the hearing, the Court ordered Mr. Coit to produce tax returns for the period from 2003 to 2010 by 4:00 p.m. on November 21, 2011.  The Court additionally scheduled a status conference for November 28, 2011.

On November 28, 2011, this Court held a status conference.  The Court ordered Mr. Coit's accountant to turn over income tax returns directly to Plaintiffs' attorney.  The Court ordered Mr. Coit to provide all required documents to the Court by 4:00 p.m. on December 2, 2011.

On December 2, 2011, this Court held another status conference. Mr. Coit failed to appear and, again, was not in full compliance with the Court's previous orders.  The Court ordered that an arrest warrant be issued for Mr. Coit due to his failure to appear and noncompliance with the orders of this Court.

On December 2, 2011, Plaintiffs also filed the instant Motion for Sanctions.  In the Motion, Plaintiffs ask the Court to order Mr. Coit to pay attorney fees incurred by Plaintiffs from September 8, 2011 to December 2, 2011.  Plaintiffs state that during this period, Plaintiffs incurred attorney's fees solely because Mr. Coit consciously refused to comply with this Court's orders.  To date, no response to the Motion has been filed.

This Court notes that on March 28, 2012, Plaintiffs filed a Status

Report (d/e 92) and a Motion to Withdraw the Pending Motion for an

Order to Show Cause (d/e 93), in which Plaintiffs informed the Court

that, on or about March 21, 2012, Defendant had come into compliance

with this Court's September 8, 2011 Text Order.  This Court granted

Plaintiffs' Motion to Withdraw.  <u>See</u> March 29, 2012 Text Order.

The Court now considers the pending Motion for Sanctions.

## ANALYSIS

Plaintiffs request that Mr. Coit be required to pay reasonable

expenses, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), that

Plaintiffs incurred in attempting to collect on the judgment in this case

through supplemental proceedings under Rule 69(a).  Specifically,

Plaintiffs request that Mr. Coit be ordered to pay attorney's fees incurred

by Plaintiffs from September 8, 2011 to December 2, 2011.

Because Mr. Coit failed to comply with court-ordered discovery

requests, sanctions for abusive conduct may be appropriately sought

under Rule 37(b)(2) (providing a non-exclusive list of discovery

sanctions).  Rule 37(b)(2)(C) provides that:

5

> "Instead of or in addition to the order above, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award unjust.

Ordering a disobedient party to pay reasonable expenses pursuant to Rule 37(b)(2)(C) is a "drastic" sanction that "requires a showing of 'willfulness, bad faith, or fault' on the part of the disobedient party, but . . . is otherwise within the discretion of the court." Poulos v. Naas Foods, Inc., 959 F.2d 69, 75 (7th Cir. 1992) (citation omitted).

Here, Mr. Coit failed to comply with this Court's orders of July 20, 2011, August 15, 2011, and September 8, 2011. As of December 2, 2011, the date the Motion for Sanctions was filed, Mr. Coit had not yet complied with those orders. Further, Mr. Coit failed to appear for hearings before this Court on two occasions, November 21, 2011 and December 2, 2011. Considering these facts, this Court finds that Plaintiffs' request that Mr. Coit be ordered to pay reasonable attorney's fees incurred by Plaintiffs from September 8, 2011 to December 2, 2011 due to Mr. Coit's failure to comply with this Court's September 8, 2011

6

Text Order is reasonable.  This Court further finds that there is no basis on which Mr. Coit may argue that his actions were justified or that other circumstances make the award of fees and expenses unjust.  <u>See</u> Fed. R. Civ. P. Rule 37(b)(2)(C).

Additionally, this Court finds that Mr. Coit has shown "willfulness, bad faith, or fault."  <u>See</u> <u>Poulos</u>, 959 F.2d at 75.  Mr. Coit was given numerous opportunities to comply with the Court's discovery orders, but he repeatedly failed to produce the required documents and failed to appear for hearings.  On each occasion of non-compliance, Mr. Coit was unable to provide a credible explanation for his failure to comply or failure to appear.

Therefore, this Court finds that the imposition of sanctions pursuant to Rule 37(b)(2)(C) is appropriate in this case based on Mr. Coit's failure to comply with this Court's orders (<u>see</u> Minute Entry of July 20, 2011; Text Order of Aug. 15, 2011; Text Order of Sept. 8, 2011) and Mr. Coit's failure to appear for hearings before this Court (<u>see</u> Minute Entry of Nov. 21, 2011; Minute Entry of Dec. 2, 2011).

Mr. Coit shall be responsible for payment of the reasonable and necessary attorney's fees and costs incurred by Plaintiffs in pursuing Mr. Coit's compliance with this Court's orders between September 8, 2011 and December 2, 2011. Plaintiffs' counsel shall prepare and file with this Court, by 5:00 p.m. on April 27, 2012, an itemized statement of actual, reasonable, and necessary attorney's fees and costs associated with pursuing Mr. Coit's compliance from September 8, 2011 to December 2, 2011. Mr. Coit may file any challenge to necessity or reasonableness by 5:00 p.m. on May 11, 2012. Absent a challenge by Mr. Coit, the actual, reasonable, and necessary attorneys' fees and costs requested by Plaintiffs' counsel shall be paid by Mr. Coit to Plaintiffs' counsel by May 25, 2012.

## CONCLUSION

THEREFORE, Plaintiff's Motion for Sanctions (d/e 86) is GRANTED.

IT IS SO ORDERED.

ENTER: April 5, 2012

8

FOR THE COURT:

<u>s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE